IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

**GARRICK VEATER,**

                    Petitioner,

vs.

**UNITED STATES OF AMERICA,**

                    Respondent.

**MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Case No. 2:15-CV-812-DAK

The Honorable Dale A. Kimball

This matter is before the court on Petitioner Garrick Veater's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. On October 7, 2009, Mr. Veater was named in a two-count indictment charging production of child pornography in violation of 18 U.S.C. § 2251(a) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). After a jury trial, the jury returned a verdict of guilty against Mr. Veater on June 14, 2012. The court entered the Judgment on December 19, 2012, sentencing Mr. Veater to 204 months imprisonment followed by supervised release for a term of 180 months. Mr. Veater appealed his conviction to the Tenth Circuit, which affirmed the district court's decision on August 22, 2014. Mr. Veater did not petition the United States Supreme Court for a writ of certiorari.

On November 18, 2015, Mr. Veater filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Mr. Veater's motion makes several claims of ineffective assistance of counsel for conduct that took place before the trial, during the trial, and during the sentencing. Mr. Veater claims that the results of the initial and appellate proceedings would have been different if his assistance of counsel were effective.

As an initial matter, Mr. Veater's motion is timely. "A district court is authorized to modify

a Defendant's sentence only in specified instances where Congress has expressly granted the court

jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Under 28

U.S.C. § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence if

the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or

otherwise subject to collateral attack. A one-year statute of limitation applies to motions brought

under § 2255.

> The limitation period shall run from the latest of (1) the date on which the judgment of
> conviction becomes final; (2) the date on which the impediment to making a motion
> created by governmental action in violation of the Constitution or laws of the United States
> is removed, if the movant was prevented from making a motion by such governmental
> action; (3) the date on which the right asserted was initially recognized by the Supreme
> Court, if that right has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or (4) the date on which the facts
> supporting the claim or claims presented could have been discovered through the exercise
> of due diligence.

28 U.S.C. § 2255(f) (2012).

The Order and Judgment from the United States Court of Appeals for the Tenth Circuit was

entered on August 22, 2014. Mr. Veater had 90 days to petition the United States Supreme Court

for a writ of certiorari, which he chose not to do. Therefore, Mr. Veater's conviction became final

on November 20, 2014. Mr. Veater had one year, until November 20, 2015, to file his motion.

Because Mr. Veater filed his motion on November 18, 2015, his motion is timely.

Even though Mr. Veater's motion is timely, his petition fails on the merits. "The

benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so

undermined the proper functioning of the adversarial process that the trial cannot be relied on as

having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to

succeed on a claim for ineffective assistance of counsel, the petitioner must show two components:

(1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced

the defense." *Id.* at 687. *See also United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996)

(applying the same standard to sentencing proceedings and plea hearings). "Unless a defendant

makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the

adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687.

Under the first component, "the proper standard for attorney performance is that of

reasonably effective assistance." *Id.* In other words, petitioner has the burden to demonstrate that

his attorney's performance "was unreasonable under prevailing professional norms and that the

challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). In

making this determination, a court's "scrutiny of counsel's performance must be highly

deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the

wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Under the second component, a petitioner must establish "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Id.* at 694. A "reasonable probability is a probability sufficient to undermine

confidence in the outcome" of the trial. *Id.* The standard requires a showing greater than

"speculation," *United States v. Boone*, 62 F.3d 323, 327 (10th Cir. 1995), but does not require a

petitioner to show that "counsel's deficient conduct more likely than not altered the outcome in the

case," *Strickland*, 466 U.S. at 693.

Mr. Veater claims that his counsel was ineffective before trial by failing to challenge the

jurisdiction of the federal court; was ineffective during trial by failing to protect Mr. Veater's right

to a public trial, by failing to sufficiently cross-examine a key witness, by introducing highly

prejudicial information, by failing to object to improper character evidence, and by urging the jury

to ignore a limiting instruction; and was ineffective at sentencing by failing to object to the

calculation of the guideline range and enhancements. Although Mr. Veater argues that any of these failures individually is sufficient to grant his motion, Mr. Veater also argues that these failures cumulatively amount to ineffective assistance of counsel.

On all of his claims, Mr. Veater has failed to meet his burden of demonstrating that the performance of his counsel was both constitutionally deficient and prejudicial. Mr. Veater first claims that his counsel failed to challenge the jurisdiction of the federal court. Although Mr. Veater does not clarify what type of jurisdiction he is referring to, his main argument is that he could not raise the issue on appeal because his trial counsel conceded jurisdiction. This context suggests that Mr. Veater was referring to the jurisdictional elements from 18 U.S.C. § 2251(a), which are used to establish an interstate nexus. Although Mr. Veater's counsel did stipulate that the cell phones and computer moved in interstate commerce, this stipulation of a factual reality is not ineffective. Even if it was ineffective, Mr. Veater has not shown that it was prejudicial. Given that the devices were not manufactured in Utah but were found in Utah, Mr. Veater's counsel could not have proven that the devices did not move in interstate commerce.

Next, Mr. Veater claims that his counsel was ineffective for failing to protect Mr. Veater's right to a public trial. Mr. Veater's claim refers to the portion of the trial when an eight-year-old witness testified. Before the testimony, the court agreed to request, out of the presence of the jury, that the audience voluntarily exit the courtroom during the child's testimony. The court did not seal the courtroom, and any members of the audience who did leave the courtroom did so voluntarily. Because the trial was open and public throughout the entire duration of the trial, the court concludes that Mr. Veater's right to a public trial was never infringed, so his counsel was never ineffective for failing to protect that right.

Mr. Veater also argues that his counsel failed to sufficiently cross-examine Mr. Veater's

former girlfriend, a key witness for the prosecution, which deprived the jury of important information directly related to the witness's bias and motive. On direct appeal, Mr. Veater made, and the Tenth Circuit rejected, a Confrontation Clause argument related to the credibility, motives, and biases of Mr. Veater's former girlfriend. Although Mr. Veater is now discussing the issue in the context of ineffective assistance of counsel instead of the Confrontation Clause, the issue has been raised on appeal, and Mr. Veater is procedurally barred from raising it again on a collateral challenge. Even without the procedural bar, Mr. Veater's counsel did cross-examine Mr. Veater's former girlfriend during trial and exposed sufficient information for the jury to appraise the witness's credibility, motives, and potential bias.

Mr. Veater also claims that his counsel was ineffective because, in asking about whether the former girlfriend had ever seen nude photographs on Mr. Veater's phone, the counsel opened the door for the witness to discuss bestiality images during the rebuttal testimony. Even if counsel's decision to question Mr. Veater's former girlfriend was a mistake, it was a strategy decision that is not so unreasonable that it amounts to ineffective assistance. In addition, Mr. Veater has not shown that the alleged mistake would have changed the outcome of the trial.

Mr. Veater's next claim is that his counsel was ineffective because he did not object to testimony regarding the frequency and amount of Mr. Veater's consumption of alcoholic beverages. Assuming that the conduct of Mr. Veater's counsel was constitutionally deficient by not objecting to this character evidence, Mr. Veater has not shown that the conduct was prejudicial. Given the amount of testimony and evidence connecting Mr. Veater to the production and possession of child pornography, including the extensive and graphic testimony of an alleged child victim and the images found on Mr. Veater's phones and computer, the court concludes that no reasonable jury would have failed to convict Mr. Veater even if his counsel objected to the

testimony regarding his consumption of alcohol.

Mr. Veater's claim that his counsel was ineffective for urging the jury to ignore a limiting instruction regarding prior bad acts was also a strategy decision that is not so unreasonable that it amounts to ineffective assistance. The discussion surrounding whether the jury should ignore the limiting instruction focused on the extent to which the jury should consider prior bad acts. Mr. Veater's counsel was arguing that the jury should not consider them for any purpose, including motive, and his counsel was worried that the limiting instruction encouraged the jury to consider the prior bad acts for at least some purposes. Even if the counsel's strategy decision were constitutionally deficient, Mr. Veater has not shown that a different decision would have changed the outcome of the trial.

Mr. Veater's final claim is that his counsel was ineffective at sentencing because the counsel failed to object to the calculation of the guideline range and the application of enhancements. First, the court notes that this claim is procedurally barred because it could have been raised on direct appeal. *See U.S. v. Frady*, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal."). Mr. Veater has not overcome this procedural default by showing cause and actual prejudice. *See id.* at 167-68. Second, Mr. Veater has not shown any evidence that the sentencing calculations were incorrect, and the court concludes that the sentence was correctly calculated in the Presentence Report. Due partially to trial counsel arguments at sentencing, Mr. Veater was also sentenced to a term of imprisonment below the correctly calculated range, which goes against any argument that his counsel was ineffective during the sentencing.

Even taking all of Mr. Veater's claims together, Mr. Veater has not shown that the cumulative effect of all of these alleged mistakes by his counsel would have changed the outcome

of the trial. Therefore, Mr. Veater's petition based on ineffective assistance of counsel fails because Mr. Veater failed to show that his counsel performed any constitutionally deficient actions that prejudiced Mr. Veater by changing the outcome of the trial.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005) (quoting 28 U.S.C. § 2253(c)(2)). The court finds that "reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The court concludes that Mr. Veater has not made a substantial showing of the denial of a constitutional right and, therefore, declines to issue a Certificate of Appealability. If Mr. Veater wishes to appeal the court's ruling on his motion, he must seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

For the reasons above, Mr. Veater's motion under 28 U.S.C. § 2255 is DENIED and DISMISSED WITH PREJUDICE because it lacks merit.


DATED this 23rd day of February, 2016.

BY THE COURT:


DALE A. KIMBALL
United States District Judge